UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DERRICK SMITH,

      Plaintiff,

v.                               Case No. 3:25-cv-1055-MMH-PDB

DEPARTMENT OF CORRECTIONS
and WARDEN T. BOWDEN,

      Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Derrick Smith, an inmate of the Florida Department of Corrections, is proceeding on a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Complaint, Doc. 1).[1] Plaintiff appears to allege violations of his Fourth and Fourteenth Amendment rights based on the loss of gain time during his incarceration at the Reception Center in or around July 2025. See id. at 8. As relief, he seeks: (1) correction of his gain time; and (2) payment of $475 per day for all days of excess confinement. Id. at 10.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous,

_____

[1] This case was originally filed in the Tampa Division of the Court and was transferred to the Jacksonville Division on September 12, 2025. See Order (Doc. 3).

malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[2] See 28 U.S.C. § 1915(e)(2)(B). As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[3] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citation omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation."

---

[2] Plaintiff moves to proceed as a pauper. See Doc. 2.

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Twombly, 550 U.S. at 555). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

3

elements of a cause of action will not do[.]" <u>Twombly</u>, 550 U.S. at 555 (alternation and internal quotations omitted); <u>see also</u> <u>Jackson</u>, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." <u>Iqbal</u>, 556 U.S. at 678, 679. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the pleading, the Court must read Plaintiff's pro se allegations in a liberal fashion. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as <u>de</u> <u>facto</u> counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" <u>Alford v. Consol. Gov't of Columbus, Ga.</u>, 438 F. App'x 837, 839 (11th Cir. 2011)[4] (quoting <u>GJR</u>

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. <u>See</u> <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060–61 (11th Cir. 2022);

Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Construed liberally, the Complaint fails to state a claim for relief. Plaintiff appears to challenge the loss of gain time because of a disciplinary decision. See Doc. 1 at 8.  To the extent Plaintiff seeks correction of his gain time, see id. at 10, he "is challenging the duration of his confinement," for which "the 'sole federal remedy is a writ of habeas corpus.'" Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Tedesco v. Sec'y for Dep't of Corr., 190 F. App'x 752, 755–56 (11th Cir. 2006) ("[A] state prisoner may file a habeas corpus petition to challenge the loss of gain time as a result of [a] state prison disciplinary proceeding that allegedly violate[d] his due process rights under 28 U.S.C. § 2241, although such a petition is governed by the restrictions set forth at 28 U.S.C. § 2254."); see also Medberry v. Crosby, 351 F.3d 1049, 1059 (11th Cir. 2003) (explaining the distinction and interplay between petitions under §§ 2241 and 2254). Accordingly, if Plaintiff wishes to challenge the loss of gain time, he may pursue any available relief through a habeas corpus action

---

see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

under 28 U.S.C. § 2241 after exhausting his state court remedies as required under 28 U.S.C. § 2254. See Tedesco, 190 F. App'x at 755–56.

To the extent Plaintiff seeks monetary damages for the loss of gain time while still imprisoned, see Doc. 1 at 10, Plaintiff's § 1983 action must be dismissed because "awarding damages for a loss of gain-time would imply that the prisoner's loss of gain-time was invalid." Hale v. Sec'y for Dep't of Corr., 345 F. App'x 489, 492 (11th Cir. 2009) ("A prisoner may not seek monetary damages for the loss of gain-time in an action pursuant to 42 U.S.C. § 1983 while still imprisoned because awarding damages for a loss of gain-time would imply that the prisoner's loss of gain-time was invalid, and thus he cannot seek monetary damages for the loss of gain-time until the loss of gain-time has been invalidated.") (citing Edwards v. Balisok, 520 U.S. 641, 646–48 (1997)). As such, Plaintiff may pursue a civil rights action for damages after the loss of gain time has been invalidated. Id. Based on the foregoing, Plaintiff's Complaint will be dismissed without prejudice under the PLRA.

Therefore, it is now **ORDERED**:

1.      This case is **DISMISSED without prejudice**.

2.      The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of April, 2026.

**MARCIA MORALES HOWARD**
Chief United States District Judge

Jax-11
c:      Derrick Smith, #626777

7